HENRY W. STONE *vs.* WM. HEMPHILL JONES.

After judgment in attachment and auditors appointed, payment of the attaching credi-tor will not arrest the proceeding, which may go on even without substituting another plaintiff.

DOMESTIC attachment issued to November term, 1843. Returned "attached goods as per inventory and appraisement, May 9, 1843, and afterwards attached lands as per description."

May 18th, 1844, on motion, judgment, and auditors appointed by the court.

After the appointment of auditors the judgment of the attaching creditor, Stone, was satisfied, and no further proceedings were taken under this attachment until May term, 1845, when

*Patterson,* for Craige, another creditor, moved the court to substitute his client for the above plaintiff, in order that the distribution might take place. He referred to *Dig.* 47, *sec.* 4.

*Whitely,* for other creditors, wished the proceedings to go on, but objected to the motion substituting any one of the creditors, as that would give such creditor a double share in the distribution, with-out any special diligence on his part.

*The Court* said the proceedings under the attachment are not ne-cessarily stopped by the payment of the claim of the attaching credi-tor, after judgment and auditors appointed. The other creditors have an interest in the proceedings, as they may not issue any se-cond writ of attachment. A substitution is not necessary, as in the case of the death of the attaching creditor; the proceedings may still be conducted in his name; and the auditors have leave to report to the next term.

Order to auditors to proceed.

*Patterson,* for Craige.
*Whitely,* for other creditors.